UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:v 8:26-cv-759

JORGE GONZALEZ,
and other similarly
situated individuals,

     Plaintiff(s),

v.

AJAX PAVING INDUSTRIES
OF FLORIDA, LLC.,

     Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff, JORGE GONZALEZ, and other similarly situated

individuals, by and through the undersigned counsel, and hereby sues Defendant,

AJAX PAVING INDUSTRIES OF FLORIDA, LLC., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime

wages and retaliation under the laws of the United States.  This Court

has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-

219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, JORGE GONZALEZ (hereinafter, "Gonzalez" or "Plaintiff"), is a Polk County, Florida, resident within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, AJAX PAVING INDUSTRIES OF FLORIDA, LLC. (hereinafter, "Ajax", or "Defendant"), is a Florida Limited Liability Company doing business in Polk County within this Honorable Court's Jurisdiction. Defendant Ajax was the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

4. All the actions put forward in this complaint took place in Polk County, Florida, within this Court's jurisdiction.

General Allegations

5. Plaintiff, JORGE GONZALEZ, brings this cause of action as a collective action to recover from Defendant overtime compensation, retaliatory discharge damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the

asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2023, (the "material time") without being adequately compensated.

6. Defendant, AJAX PAVING INDUSTRIES OF FLORIDA, LLC., is a business engaged in the building and paving of roads. Defendant Ajax specializes in asphalt paving, providing asphalt and concrete services, along with managing and building heavy civil infrastructure projects. Defendant has multiple locations across Florida and Plaintiff worked out of Plant #8, located at 1800 Old Bartow Road, Lake Wales, Florida 33859.

7. Defendant Ajax was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). The defendant is a building and paving company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a roll operator and performed general paving work. Plaintiff worked with out-of-state products, worked on interstate roads and highways, and handled and worked with goods and materials that were moved in interstate commerce at all times during his work. Therefore, there is individual coverage.

9. Defendant Ajax employed Plaintiff Gonzalez as a non-exempt, full-time employee from on or about April 25th, 2025, to January 19th, 2026, or approximately 38 weeks.

10. During the relevant period, Plaintiff worked primarily as a roll operator engaged in paving related work.

11. Plaintiff had an hourly rate of $24.00 per hour.  Plaintiff's overtime rate should have been of $36.00 per hour.

12. While employed by Defendant, during a period of approximately 4 months, or 16 weeks, Plaintiff worked five (5) days per week, Monday through Friday, from 5 AM to 8 PM, for a total of 15 hours per day, or 75 hours per week.  Accordingly, Plaintiff worked an average of 75 hours per week during these four months.

13. Notwithstanding, during these 4 months, Defendant Ajax only paid Plaintiff for 60 hours per week in proper fashion. The remaining three (3) hours per day, or fifteen (15) hours of overtime per week, were not paid at any rate, not even at the minimum wage rate as required by law. The 3 unpaid overtime hours constituted one hour of compensable working time at the yard each morning, as well as 2 hours of total travel time during each day.

14. During the four months in question, Plaintiff worked five (5) days per week, consistently exceeding 40 hours; however, he was not compensated for all of his overtime hours as mandated by law. Despite the extended hours, to wit – 75 per week - Plaintiff was only paid for 60 hours each week, irrespective of the actual total number of hours worked.

15. Thus, Plaintiff was not paid for 15 overtime hours during those 4 months within his employment period, as required by law.

16. Plaintiff did not clock in and out himself, rather, Defendant used a tablet to input only 60 hours per week worked, without regard that Plaintiff and other similarly situated employees were working 75 hours per week. Employees were not allowed to enter their own accurate times in this tablet, which was controlled and maintained by the Defendant.

17.  Defendant Ajax controlled Plaintiff's schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were actually working.

18. Therefore, Defendant Ajax willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid via direct deposit, without paystubs providing accurate information about the wage rate, the number of days and hours worked, and the actual total number of overtime hours worked per week.

20. During the last two months of his employment, Plaintiff complained multiple times to his supervisors as well as to upper management.

21. Plaintiff last complained about his unpaid overtime hours at the beginning of January of 2026.

22. On or about January 19th, 2026, after Plaintiff had complained for the last time about unpaid overtime, Plaintiff was terminated by Regional Vice President Clay Cross, of Lake Wales, who stated to Plaintiff, "I am not going to deal with those issues here", in reference to Plaintiff's complaints for unpaid overtime wages.

23. Plaintiff Jorge Gonzalez seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory discharge damages, liquidated damages, costs, attorney's fees, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper overtime compensation for every overtime hour worked at the rate of time and one-half their regular rate.

26. This action is intended to include every paving and roll operator employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

27. Plaintiff, JORGE GONZALEZ, re-adopts every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. This action is brought by Plaintiff, JORGE GONZALEZ, and those similarly situated to recover from the Employer unpaid overtime

compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

29. Defendant, Ajax, employed Plaintiff Gonzalez as a non-exempt, full-time employee from on or about April 25th, 2025, to January 19th, 2026, or a period of approximately 38 weeks.

30. During the relevant period, Plaintiff worked primarily as a roll operator engaged in paving related work.

31. Plaintiff had an hourly rate of $24.00 per hour.  Plaintiff's overtime rate should have been of $36.00 per hour.

32. While employed by Defendant, during a period of approximately 4 months, Plaintiff worked five (5) days per week, Monday through Friday, from 5 AM to 8 PM, for a total of 15 hours per day, or 75 hours per week.  Accordingly, Plaintiff worked an average of 75 hours every week during the 4 months in question.

33. Notwithstanding, during these 4 months, Defendant Ajax only paid Plaintiff for 60 hours per week in proper fashion. The remaining three (3) hours per day, or fifteen (15) hours of overtime per week, were not paid at any rate, not even at the minimum wage rate as required by law.  The 3 unpaid overtime hours constituted one hour of compensable working time at the yard each morning, as well as 2 hours of total travel time during each day.

34. During the 4 months in question, Plaintiff regularly worked five (5) days per week, consistently exceeding 40 hours; however, he was not compensated for all of his overtime hours as mandated by law. Despite the extended hours, to wit – 75 per week - Plaintiff was only paid for 60 hours each week, irrespective of the actual total number of hours worked.

35. Thus, Plaintiff was not paid overtime hours during his entire employment period, as required by law.

36. Plaintiff did not clock in and out himself, rather, Defendant used a tablet to input only 60 hours per week worked, without regard that Plaintiff and other similarly situated employees were working 75 hours per week. Employees were not allowed to enter their own accurate times in this tablet, which was controlled and maintained by the Defendant.

37. Defendant Ajax controlled Plaintiff's schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were actually working.

38. Therefore, Defendant Ajax willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Plaintiff was paid via direct deposit, without paystubs providing accurate information about the wage rate, the number of days and hours worked, and the actual total number of overtime hours worked per week.

40. Plaintiff was fired on or about January 19th, 2026, after he complained about unpaid overtime hours.

41. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other similarly situated employees.

42. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. Additionally, upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

44. Plaintiff does not possess time and payment records, but he will provide a reasonable good faith estimate based upon his recollection and knowledge. Upon discovery, Plaintiff will amend his statement of claim if necessary.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Eight-Thousand, Six-Hundred, Forty Dollars and 00/100 ($8,640.00)

   b. <u>Calculation of such wages</u>:

      Total period of employment: approximately 9 months
      Total period of employment not properly compensated: 4 months
      Relevant weeks of unpaid overtime: approximately 16 weeks
      Total hours worked weekly during the 16 weeks : 75 weekly average
      Total unpaid O/T hours: 15 O/T hours per week
      Hourly rate: $24.00 an hour x 1.5=$36.00 O/T
      O/T rate: $36.00

      **Unpaid O/T for the 16 weeks at issue:**
      Relevant weeks: 16 weeks
      Total hours worked: 75 hours
      Total hours O/T hours: 35 O/T hours

Total unpaid O/T hours: 15 unpaid O/T hours
Overtime Rate: $36.00 per hour

$36.00 x 15 O/T hours=$540.00 weekly x 16 weeks=$8,640.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.[1]

45. The Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

46. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. Plaintiff and those similarly situated employees are entitled to recover double damages.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

47. Defendant Ajax willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the laws of the United States, and has owed Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

48. Plaintiff, Jorge Gonzalez, has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff, JORGE GONZALEZ, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Gonzalez and other similarly situated individuals and against Defendant Ajax based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Gonzalez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable, just, and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff, JORGE GONZALEZ, demands a trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE PURSUANT TO 29 USC 215(a)(3), AGAINST DEFENDANT**

49. Plaintiff, JORGE GONZALEZ, re-adopts every factual allegation stated in paragraphs 1-26 of this Complaint as if set out in full herein.

50. Defendant Ajax was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

51. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

52. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

53. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused

to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. Defendant Ajax, employed Plaintiff Gonzalez as a non-exempt, full-time employee from on or about April 25th, 2025, to January 19th, 2026, or a period of approximately 38 weeks.

55. During the relevant period, Plaintiff worked primarily as a roll operator engaged in paving related work.

56. Plaintiff had an hourly rate of $24.00 per hour. Plaintiff's overtime rate should have been of $36.00 per hour.

57. While employed by Defendant, during a period of approximately 4 months, Plaintiff worked five (5) days per week, Monday through Friday, from 5 AM to 8 PM, for a total of 15 hours per day, or 75 hours per week. Accordingly, Plaintiff worked an average of 75 hours every week during the 4 months in question.

58. Notwithstanding, during these 4 months, Defendant Ajax only paid Plaintiff for 60 hours per week in proper fashion. The remaining three (3) hours per day, or fifteen (15) hours of overtime per week, were not paid at any rate, not even at the minimum wage rate as required by law. The 3 unpaid overtime hours constituted one hour of compensable working

time at the yard each morning, as well as 2 hours of total travel time during each day.

59. During the 4 months in question, Plaintiff regularly worked five (5) days per week, consistently exceeding 40 hours, however, he was not compensated for all of his overtime hours as mandated by law. Despite the extended hours, to wit – 75 per week - Plaintiff was only paid for 60 hours each week, irrespective of the actual total number of hours worked.

60. Thus, Plaintiff was not paid overtime hours during his entire employment period, as required by law.

61. Plaintiff did not clock in and out himself, rather, Defendant used a tablet to input only 60 hours per week worked, without regard that Plaintiff and other similarly situated employees were working 75 hours per week. Employees were not allowed to enter their own accurate times in this tablet, which was controlled and maintained by the Defendant.

62. Defendant Ajax controlled Plaintiff's schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were actually working.

63. Therefore, Defendant Ajax willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that

he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

64. Plaintiff was paid via direct deposit, without paystubs providing accurate information about the wage rate, the number of days and hours worked, and the actual total number of overtime hours worked per week.

65. Plaintiff did not agree with the lack of payment for overtime hours, and during the last two months of his employment, he complained multiple times to his supervisors and upper management.

66. These complaints constituted protected activity under the FLSA.

67. Plaintiff last complained about his unpaid overtime hours at the beginning of January of 2026.

68. On or about January 19th, 2026, after Plaintiff had complained for the last time about unpaid overtime, Plaintiff was terminated by Regional Vice President Clay Cross, of Lake Wales, who stated to Plaintiff, "I am not going to deal with those issues here", in reference to Plaintiff's complaints for unpaid overtime wages.

69. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

70. There is close temporal proximity between Plaintiff's protected activity and his termination.

71. As described above, the motivating factor that caused Plaintiff's discharge was his complaints seeking unpaid overtime wages from the Defendant. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

72. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

73. Plaintiff, Jorge Gonzalez, has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff, JORGE GONZALEZ, respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated the provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Ajax that Plaintiff Gonzalez recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant Ajax to make the Plaintiff whole by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Gonzalez further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff, JORGE GONZALEZ, demands trial by a jury of all issues triable as of right by a jury.

Date: March 20th, 2026

Respectfully submitted,

By: _/s/ Alexis Mena-Glasgow_
**Alexis Mena-Glasgow**
SIMPSON & MENA, P.A.
Florida Bar No.: 117839
2250 SW Third Avenue, Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
Email: **alexis@simpsonmenalaw.com**
*Attorney for Plaintiff*